10 Civ 2666 (SHS)
ECF CASE

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------ X

THE CITY OF NEW YORK,
                Plaintiff,

    -against-

10TH AVENUE HOSPITALITY GROUP LLC; 289
TENTH AVENUE CORP.; THE LAND AND BUILDING
KNOWN AS 289 10TH AVENUE, TAX BLOCK # 698,
TAX LOT # 37, COUNTY of NEW YORK, CITY and
STATE of NEW YORK; THE NEW YORK STATE
LIQUOR AUTHORITY; "JOHN DOE" and "JANE
DOE", fictitiously named parties, true names unknown,
the intended being the owners, lessees, operators or
occupants of the commercial establishment operating as
"Marquee" located at 289 10th Avenue, New York, New
York; and any person claiming any right, title or interest in
the real property which is the subject of this action,

                Defendants.
------------------------------------------------------------ X

STIPULATION OF
SETTLEMENT
(Figueroa, J.)

Index No.: 401498/08

        WHEREAS, the plaintiff CITY OF NEW YORK commenced an action against the defendants 10TH AVENUE HOSPITALITY GROUP LLC, 289 TENTH AVENUE CORP., the land and improvements thereon known as 289 10TH AVENUE, TAX BLOCK # 698, TAX LOT # 37, COUNTY of NEW YORK, CITY and STATE of NEW YORK, as well as other defendants, seeking a judgment preliminarily and permanently enjoining a public nuisance at the commercial establishment operating as "Marquee" located at 289 10th Avenue, County of New York, City and State of New York (hereinafter the "subject premises"); closing the establishment for a period of one (1) year from the posting of judgment; awarding plaintiff penalties, costs, and disbursements; and granting such preliminary relief closing the subject premises and enjoining the public nuisance (the "Action"); and

WHEREAS, the CITY OF NEW YORK and defendant 10TH AVENUE HOSPITALITY GROUP LLC (hereinafter "defendant") wish to reach an agreement settling the action as it pertains to them:

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, attorneys of record for the plaintiff and defendant as follows:

1. The parties consent to the terms of this Stipulation in the interest of settlement and without admitting any wrongdoing, liability or knowledge of the allegations in the Action.

2. Defendant 10TH AVENUE HOSPITALITY GROUP LLC consents that it, its agents, assigns, employees, patrons and/or representatives, shall be enjoined from conducting, maintaining, permitting, facilitating and/or operating the subject premises in violation of Article 220 of the New York State Penal Law or Article 221 of the New York State Penal Law.

3. Defendant 10TH AVENUE HOSPITALITY GROUP LLC shall be allowed to re-open the subject premises at the time of execution of this stipulation of settlement, but no earlier than Tuesday, July 1, 2008 at 11:00 a.m. to conduct a lawful business.

4. Defendant 10TH AVENUE HOSPITALITY GROUP LLC consents that this Stipulation shall be binding on its successors and assigns. Said defendant will notify Plaintiff's representative, Allison L. Arenson, Esq., of any such succession or assignment within five (5) business days of such transaction. Furthermore, defendant 10TH AVENUE HOSPITALITY GROUP LLC shall provide proof to plaintiff's representative that any successor or assignee was given notice of this stipulation of settlement and provided with a copy of said stipulation.

5. Defendant 10TH AVENUE HOSPITALITY GROUP LLC shall monitor all activity occurring at the subject premises, specifically with regard to any potential future illegal activity, by employing an investigative firm approved by Plaintiff whose approval shall not be

2

employed at the subject premises by July 18, 2008. The parties to this stipulation of settlement agree to meet with a representative of the Security Firm to discuss the protocol and procedures of said firm in conducting their operations at the subject premises. Said meeting must be held by July 18, 2008. All parties agree that the firm will implement reasonable recommendations by the NYPD regarding their operations at the subject premises. Defendant 10TH AVENUE HOSPITALITY GROUP LLC consents that the security firm shall provide monthly reports to the plaintiff's representative, Allison L. Arenson, Esq., regarding all investigations and/or operations conducted inside of the subject premises. Furthermore, additional meetings may be requested by either party to discuss all issues which may arise during the pendency of this action.

6. Defendant 10TH AVENUE HOSPITALITY GROUP LLC shall continue employing the security company Forte Network, Inc. d/b/a Forte Security, or another security company approved by Plaintiff, whose approval shall not be unreasonably withheld, as its licensed security representatives at the subject premises ("Security Company"). The parties to this stipulation of settlement shall meet with a representative of the Security Company to discuss initiating new search procedures to be implemented at the subject premises as well as to discuss any other security concerns. Said meeting must be held by July 18, 2008. Furthermore, additional meetings may be requested by either party to discuss all issues which may arise during the pendency of this action.

7. Commencing July 1, 2008, defendant 10TH AVENUE HOSPITALITY GROUP LLC consents that all patrons entering the subject premises shall be randomly subjected to a thorough search for illegal drugs, weapons and other contraband by security personnel stationed at the club, as permissible by law. Employees, performers and independent contractors shall be

3

patron, employee, patron... [redacted] be selling, possessing, facilitating or using any illegal drug, found to be engaging in violent, unruly or unacceptable behavior or found to have committed a larceny, until the NYPD is contacted and arrives at the subject premises to determine the nature of the violation. Furthermore, said defendant or its employees shall act as a complainant in any subsequent criminal action against the perpetrator(s) arrested at the subject premises. Plaintiff agrees to inform the New York State Liquor Authority of this provision by providing a copy of this stipulation of settlement to said agency. Any conduct reported pursuant to the terms of this paragraph will not be considered a violation as indicated in paragraph (15) of this stipulation of settlement.

9. Defendant 10TH AVENUE HOSPITALITY GROUP LLC consents to terminate any employee or independent contractor arrested for any illegal activity occurring inside of the subject premises. Proof of termination, as well as the reason for termination, shall be forwarded to Plaintiff's representative within ten (10) business days of said termination.

10. Defendant 10TH AVENUE HOSPITALITY GROUP LLC shall create and implement a functional database system as of July 18, 2008, to list patrons banned from the subject premises. Said defendant further consents to give the New York City Police Department an updated copy of the list upon two (2) days written notice. Said notice will be sent via letter by mail or facsimile to defendant 10TH AVENUE HOSPITALITY GROUP LLC's legal representative.

4

digital video surveillance system to monitor areas of the subject premises where patrons have access, excluding bathrooms. Said system will be operational and used at all times in which the subject premises is open for business. Said defendant further consents to provide members of the NYPD copies of the recorded time periods requested upon reasonable notice and said system will maintain images for a thirty (30) day period. Said notice will be sent via letter by mail or facsimile to defendant 10TH AVENUE HOSPITALITY GROUP LLC's legal representative. Said enhancements shall be completed by August 1, 2008 and defendant 10TH AVENUE HOSPITALITY GROUP LLC shall inform plaintiff's representative, Allison L. Arenson, Esq., when said terms are completed so a review of the video system can be conducted.

12. Defendant 10TH AVENUE HOSPITALITY GROUP LLC shall create or update and implement an employee handbook by July 18, 2008. Said handbook will include, but not be limited to discussing procedures to deal with the sale and use of illegal drugs, alcoholic beverage violations including sale to underage patrons and to intoxicated patrons, violence, unruly and unacceptable behavior and other detrimental activities at the venue. A copy of the employee handbook shall be forwarded to plaintiff's representative by July 18, 2008.

13. Defendant 10TH AVENUE HOSPITALITY GROUP LLC shall create and post professional Course of Conduct signs throughout the venue. Said signs shall inform patrons and employees that the sale, possession or use of any illegal drug, as well as violent activity or inappropriate behavior will not be tolerated and will result in their arrest and/or immediate expulsion. Signs outside the venue should remind patrons to keep outside noise to a minimum and to respect the rights of the neighbors. Said signs shall be posted on or before July 18, 2008.

14. The failure to comply with any of the terms contained in paragraphs (3) and (5)

5

Upon such breach, plaintiff shall provide notice to defendant 10TH AVENUE HOSPITALITY GROUP LLC's legal representative and allow five (5) business days to cure the breach. In the event the breach is not cured within five (5) business days notice, or is incurable, Plaintiff may apply to this Court to seek enforcement of the terms of this stipulation after notice has been provided to counsel for defendant 10TH AVENUE HOSPITALITY GROUP LLC. If Plaintiff is successful in sustaining their claim that a breach occurred, then defendant 10TH AVENUE HOSPITALITY GROUP LLC shall be liable for Three Thousand dollars ($3,000.00) to The City of New York by bank, certified or attorney check within five (5) business days from the conclusion of the hearing. Failure to pay this amount in the aforementioned timeframe will result in the immediate closure of the subject premises until the payment is received by Plaintiff's representative.

15. In the event that the subject premises becomes a place in, or upon which, two (2) violations of any of the activities mentioned in paragraph (2) are conducted, permitted, facilitated, promoted or carried on, Plaintiff's representative will notify defendant 10TH AVENUE HOSPITALITY GROUP LLC of such violations. Said notice will be sent via letter by mail or facsimile to defendant 10TH AVENUE HOSPITALITY GROUP LLC's legal representative. Plaintiff reserves the right to provide as much or as little information as they deem necessary so as not to compromise or jeopardize the safety of officers or an ongoing investigation. Marquee requests that the City provide it as much detail as possible so that it can take immediate and effective action to abate any prospective nuisance. Thereafter, if an additional violation of any of the activities mentioned in paragraph (2) are conducted, permitted, facilitated, promoted or carried on, Plaintiff shall make an ex-parte order to this Court seeking a closure order of the subject

6

Court on the validity of the alleged violations of paragraph (2), and this Court finds said violations to have occurred at the subject premises, defendant 10TH AVENUE HOSPITALITY GROUP LLC agrees to the following parameters for the remainder of this Stipulation:

    a.    The closure of the subject premises for a one (1) month period beginning on the date of this Court's decision.

    b.    The employment of an approved independent monitor at all times the subject premises is open for business, with monthly reports being provided to plaintiff's representative. The terms of the independent monitor will be discussed at the time the employment of such is necessary.

    c.    Every patron, employee and independent contractor will be subjected to a thorough search at the time of entry to the subject premises.

    d.    Termination of the security company then employed at the subject premises.

    e.    Termination of any employees or independent contractors involved in the illegal activity.

    f.    A civil penalty in the amount of Fifteen Thousand dollars ($15,000.00) to be paid within five (5) days of this Court's decision.

    g.    Under no circumstances will the subject premises be allowed to re-open until all of the above enumerated parameters are followed.

16. Defendant 10TH AVENUE HOSPITALITY GROUP LLC shall be liable to the plaintiff for administrative and investigation costs in the amount of Ten Thousand dollars ($10,000.00) to be paid over at the time of execution of this stipulation of settlement. Such

7

payment is made by certified, bank or attorney check. Said check shall be made payable to the "City of New York," c/o New York City Police Department, Legal Bureau, Two Lafayette Street, 5th Floor, New York, New York 10007, Attn: Allison L. Arenson, Esq.

17. Defendant, 10TH AVENUE HOSPITALITY GROUP LLC, on behalf of itself, its assigns, representatives and employees, in consideration of the execution of this Stipulation, and for other good and valuable consideration, does hereby release, acquit and discharge Plaintiff and Plaintiff's assigns and representatives from all liabilities, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against Plaintiff, Defendant and Defendant's assigns, representatives and employees ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Release. This Release may not be changed orally.

18. This action is voluntarily withdrawn as to defendants THE NEW YORK STATE LIQUOR AUTHORITY, "JOHN DOE", and "JANE DOE".

19. This Court shall retain jurisdiction of this action for the purpose of enforcing this Stipulation.

20. This stipulation of settlement shall be effective immediately upon execution.

21. The terms of this stipulation of settlement shall remain in effect for a one (1) year period from the execution date of said stipulation.

22. The action is discontinued with prejudice against defendant 10TH AVENUE HOSPITALITY GROUP LLC pursuant to the terms of this Stipulation, subject to Plaintiff's right

8

23. This Stipulation may be executed in counterpart and via facsimile machine and signatures transmitted thereby shall have the same force and effect as an original.

24. This Stipulation shall be interpreted according to the law of New York.

(Intentionally Left Blank)

9

25. All notices to Defendant 10TH AVENUE HOSPITALITY GROUP LLC under this Stipulation shall be made to Emery Celli Brinckerhoff & Abady LLP, 75 Rockefeller Plaza, 20th Floor, New York, New York 10019, attn: Andrew G. Celli, Esq.

Dated: New York, New York
July __, 2008

_____
EMERY CELLI BRINCKERHOFF &
ABADY LLP

Representing defendant:
10th Avenue Hospitality Group LLC

By:   O. Andrew F. Wilson, Esq.
      75 Rockefeller Plaza, 20th Floor
      New York, New York 10019
      (212) 763-5000

_____
MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
S. ANDREW SCHAFFER
Deputy Commissioner – Legal Matters
New York City Police Department
Attorneys for Plaintiff
City of New York

By:   Allison L. Arenson, Esq.
      2 Lafayette Street – Fifth Floor
      New York, New York 10007
      (917) 454-1122

_____
10TH AVENUE HOSPITALITY GROUP LLC

By:   Noah Tepperberg

SO ORDERED:

_____
J.S.C.

10